IN THE UNITED STATES DISTRICT COURT
of Minnesota for the Fourth Circuit

RECEIVED BY MAIL
APR 28 2005
CLERK, US DIST. COURT ST. PAUL, MN

Kamil Hakeem Johnson,
Petitioner,

- vs -

UNITED STATES OF AMERICA,
Respondent.

Case No.: 02-CR-00013-JMR/ESS
0:05cv848 JMR

ATTACHED PAGES: AUTHORIZATION TO FILE § 2255 MOTION

**JURISDICTION**

Jurisdiction is invoked pursuant to Title 28 U.S.C. §2255, which provides that:

> Federal Custody; remdies on Motion attacking sentence. A person in custody under sentence of a court .... claiming the right to sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, .... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacated, set aside or correct the sentence.

This Motion under Title 28 U.S.C. §2255 is timely filed within the stature of limitations.

**PRO SE STATUS**

The Petitioner states that pursuant to the provisions contained in Haines v. Kerner, 404 U.S. 519, as well as current law and procedure, it is my prayerful hope that this court will overlook any minor procedural inadequacies, (inferred or otherwise), associated with this action, as I am a layman thus, not well-versed in and of the intricacies of legal procedure and/or practice. This court should view this action with a tolerant eye towards the petition's pro se status, as well as the good faith intent on my part to comply with any and all rules.

## STATEMENT OF CASE

Petitioner was charged in a one count indictment, under 18 U.S.C. § 1959 and section 2.

The Petitioner's was trial in the United States District Court for the Forth Circuit, was presided over by the Honorable Judge James M. Rosenbaum.

The offenses of the charge stem from the July 20, 1996 shooting of Davisha Brantly-Gillum in St. Paul, Minnesota.

In a trial by jury, Petitioner was found guilty along with two (2) other men on June 12, 2002.

On December 6, 2002, the district court sentenced Petitioner to life imprisonment.

Petitioner appealed to the Eight Circuit Court of Appeals which affirmed Petitioner Conviction.

Petitioner now presents this timely motion for post-conviction pursuant to Title 28 U.S.C. §2255.

## G R O U N D  O N E

COMES NOW, THE PEITITIONER, denying and challenging the jurisdiction of the above-named court over the subject matter in the above-entitled cause, for the reasons explained in the following memorandum:

# MEMORANDUM OF LAW

I. The Nature of Subject Matter Jurisdiction.

The jurisdiction of a court over the subject matter has been said to be essential, necessary, indispenable and an elementary prerequisite to the exercise of Judicial power. 21 C.J.S., "Courts" § 18, pg 25. A court can not proceed with a trial or make a judgement without such jurisdiction existing.

> "Since lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived by the parties, we must upon this appeal examine the contention." United State v. Griffin, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.ed 764 (1938).

Subject matter jurisdiction cannot be conferred by waiver or consent, and may be raised at any time. Hertz Corp. v. Alamo Rent-A-Car, Inc, 16 F.3d 1126, 1131 (11th Cir 1994), and United States v. Rogers, 23 Fed. Rep. 658, 662 (W.D. Ark. 1885).

The subject matter jurisdiction of a criminal case is related to the casue of action in general and more specifically to the alleged crime or offense which creates the action.

An indictment or complaint in a criminal case is the main means by which a court obtains subject matter jurisdiction, and is "the jurisdictional instrument upon which the accursed stands trail. Thus if these charging instruments are invalid, there is a lack of subject matter jurisdiction.

In United States v. King, 587 F.2d 956 (9th Cir 1978), and United States v. Heath, 509 F.2d 16 (9th Cir 1974), it was pronounced by the court that "While other defeats and obligations based on defects in the indictment are never wavived by any accused. United States v. Rogers, 23 F. 658 (D.C. Ark 1885).

An invalid law charged against one in a criminal matter also negates subject matter jurisdiction by the fact that it fails to create a cause of action. "Subject matter is the thing in controversy" citing Black's Law Dictionary. Without a valid law, there is no issue or controversy for a court to decide upon. Thus, where a law does not exist or does not constitutionally exist, or where the law is invalid, void or unconstitutional there is no subject matter jurisdiction to try one for an offense alleged under such law.

Not all statutes create a criminal offense. Thus where a man charged with "a statute which does not create a criminal offense", such person was never legally charged with any crime or lawfully convicted because the trial court did not have "Jurisdiction" of the subject matter." There must be a valid law in order for subject matter to exist.

Today most courts have adopted the bad habit of using said codes as the basis for its jurisdiction and until the challenge to the validity of said codes being the basis upon which the jurisdiction of said courts can be invoked, said codes will no doubt be used as the basis to try and convict criminally charged defendants who do not know the difference between the codes and statues at large.

The difference being the codes are non-constitutional law and purely contractual, whereas the statutes at large are constitutional law. The codes do not have a constitutional nexus for authority to exist and operate whereas the statutes at large are constitutionally enabled.

If a duly enacted statute is not published in the Federal Register, it indicates that the statute has a limited applicability (e.g. within purely federal areas only). A citizen of the district of columbia, the commonwealth of Puerto Rico, a territory of insular possession of the (federal) United States is subject to both statute and code reference without regard to the requirement of being registered in the Federal Register.

> In Hotch v. United States, 212 F.2d 280 (9th Cir 1954), at p. 283, the court states: "Under the system of law, no act is punishable as a crime unless it is specifically condemned by the common law or by a Statutory Enactment of the legislature (22 C.J.S. , Criminal Law, See 17). Therefore, the Administrative Procedure Act and the Federal Register Act must be read as part of every congressional delegation of authority unless specifically excepted. These acts require publication, irrespective of actual notice, as a prerequisite to the "issuance" of a regulation making certain acts criminal. If certain acts have not been made crimes by duly enacted law, knowledge of their contemplated administrative proscription can not subject the informed person to criminal prosecution. While ignorance of the law is no defense, it is conversely true that a law which has not been duly enacted into positive law, is not a law of general applicability and therefore, a person who does not comply with it provision can not be guilty of any crime."

These authorities and others make it clear that if there are no valid laws charged against a person, there is nothing that can be deemed a crime, and without a crime there is no subject matter jurisdiction. Further, invalid or unlawful laws make the indictment fatally defective and insufficient, and without a valid indictment there is a lack of subject matter jurisdiction.

In Foley Brothers v. Filardo, 336 U.S. 281 (1949), THE HIGH COURT STATED, "It is a well established principle of law that all federal legislation applies only within the territorial jurisdiction of the "United States", unless a contrary intent appears."

In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register, and/or any given statute must clearly articulate its application.

The congress for the "United States" primarily makes laws that pertain to the Federal United States, while congress also makes laws for the United States of America, such being those that have general applicability when such are published in the Federal Register.

These "Published" laws are called "Statutes at Large" and apply to the nation-at-large. Nowhere in the instant action does it state who enacted the laws upon which the criminal action would be invoked. This is a clear due process violation due to lack of subject matter jurisdiction.

One must remember that mere private law publishers are not members of congress, thus, they have no constitutional power to enact anything the common people domiciled in the "several states" would be required to hear and obey. Mere legal evidence is just like any other evidence: it may or may not be admissible into a court. A court may or may not take judicial notice of it. But the substantive fact of law is that evidence of the law is not the law in and of itself, mere legal evidence cannot by magic establish subject matter jurisdiction of a United States District Court, only an act of congress can.

The necessity for regulations to be published in the Federal Register is variously prescribe in the Administrative Procedures Act at 5 U.S.C. 552 et seg., and the Federal Register Act at 44 U.S.C. 1505 et seg., and 1 CFR, Chapter 1.

This need for the publication of regulations in the Federal Register has been repeatedly affirmed by the U.S. Supreme Court, as stated in California Bankers Assciation v. Schultz, 416 U.S. 21, 26, 94 S.ct. 1494, 1500 (1974): "... The acts civil and criminal penalties attach only upon violation of regulations promulagted by the Secretary; if the Secretary were to do nothing, the act itself would impose no penalties on anyone..."

The code of Federal Regulations (CFR), 1998 ed. at pg. 709, begins the index and findings aids, more commonly known as the parallel tables of Authorities and Rules. Its authority is located at 1 CFR, Sec 8.5 ( ).

The finding aid lists the code sections which are enumerated in the United States Code by title and Section in the left column of the parallel tables, if implementing regulations have been published in the Federal Register, and to the right side, are the CFR regulations by title and part, which correspond to the published code section. If the code provision does not appear in the left hand column, it means that the code provision has not been published in the Federal Register signifying that the code provision has limited application to the exclusive legislative jurisdiction of congress pursuant to Foley supra.

In Wei V. Robinson, 246 F.2d 739 (7th Cir 1957), cert Den. 78 S.Ct. 144, 355 U.S. 879. The Supreme Court stated "Contents ofthe Federal Register and the code of federal Regulations are prime facie evidence of the original test and are required to be judicially noted".

In Wolfson v. United States, 492 F.2d 1386, "When regulations are published in the Federal Register, they give legal notice of their contents to all who maybe affected thereby."

In Shafer v. United States, 229 Fed, 124, cert denied 76 S.Ct. 78, 351 U.S. 931, "The publication of a document in the Federal Register creates a rebuttal presumption of validity."

In Northern States Power Co. v. Rural Electrification Admin, 248 F.Supp., 616 (1965), the Court Stated, "Rules by government agency of general applicability and published in accordance with the Federal Register Act have force and effect of statute or law and are binding on those persons publishing them as well as the general public until such time as they be repealed or modified. Federal Register Act Sect 1 et seg., 44 USCA 301 et. Seg."

In United States v. Mersky, 361 U.S. 431, 438 (1960). The Supreme Court stated. "Once promulgated, these regulations thereof incur criminal prosecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other." "And in the contest of criminal prosecution, the rule of strict construction must be applied to the interpretation of an administrative regulation to which penal consequences attach under the statute authorizing the promulgation of the regulation, as well as the construction of the statute." Hotch, supra.

In United States v. Reinis, 794 F.2d 506, 508 (9th Cir 1986), the court stated, "An individual can not be prosecuted for violating the act unless he violates an implementing regulation." There are no CFRs for any of the charges leveled against petitioner.

See also: United States v. Two Hundred Thousand Pollars, 590 F.Supp, 866 (S.D. FLA 1884), and specifically stated at 1 CFR 1, "A regulation must be published in the Federal Register to have general applicability and legal effect." Regulations published by the secretary at 26 (FR 601. 702(::) acknowledge the effect of failure to publish by stating "thus for example, any such matter which imposes an obligation and which is not published or incorporated by reference will not adversely change or affect a person's rights."

In United States v. Nevers, 7 F.3d 59 (5th Cir 1993), the circuit court stated, "... to prosecute applicant for the conduct alleged under an invalid law, and/or by an information... Would be a denial of due process."

The fair notice tests provided in this case et supra. and the due process clause for both State and Federal Constitutions demonstrate that the government has blatantly disregarded both, while knowingly and intentionally ignoring its superior knowledge in the law, and its high standard of the law, instead to fraudulently misrepresent to an Article IV Grand jury and this court, through its charging instruments and personal averments, that the enumerated statutory provisions listed on the government's charging instruments were true, correct, and authorized which culminated in a complete miscarriage of justice by premeditated fraud.

It was held in North Larmie Land Co. v. Hoffman, 268 U.S. 276, 283, 69 L.Ed (1925) as follows: "All persons charged with knowledge of the provision of the statute must take notice of the procedure adopted by them and when that procedure is not unreasonable or arbitrary, there is no constitutional limitation relieving them from conforming to it."

Where statutory language fails to invoke a jurisdictional element, then the charging instrument must incorporate the prereguisite, jurisdictional element, other wise "if one or more of these elements are entirely missing from the indictment, even after trail, such would constitute a fatal defect and the indictment would have to be thrown out.'

United States v. Cluchette, 465 F.2d 749 (9th Cir. 1972). A contrary opinion or holding would amount to flagrant violations of constitutional and statutory rights of the petitioner to be punished for conduct which he was not charged with or given the opportunity to defend against.

If a judgment is void, it's a nullity from the outset, and when a rule providing for relief from a void judgment is applicable, relief is not a discretionary matter, it is mandatory, Orner v. Shalal, 30 F.3d 1307 1310 (10th CIr 1994).

It was the government's bureau to prove all elements of charged crimes, United States v. James, 987 F.2d 648, 650 (9th Cir. (1993)); and failure to prove an essential element of the charged crime mandates that the convictions can not stand. Thompson v. Virginia, 443 U.S. 307, 61 L.Ed 2d. 560, 573 (1979).

In the instant case at bar, the government has failed, ab inito, to establish, demonstrate, or prove that it lawfully possessed federal jurisdiction.

## GROUND TWO

UNLAWFUL MISREPRESENTATION OF IMPROPER PLAINTIFF AND FAILURE TO JOIN, PURSUANT TO FRCP RULE (12)(b)(7).

The government's charging instruments misrepresent on their face that the injured party or plaintiff in the instant case at bar is the United States of America, more properly defined as being the fifty Sovereign State of the Union of States called "Several" United in America; Separate and distinct sovereign entities who neither individually or collectively brought charges under which the Petitioner is subject. The Federal Government lacks the lawful authority to misrepresent the nation at large, as being an injured entity, or to pit the Petitioner against a plaintiff who neither brought the cause or appeared as a witness against the Petitioner.

In violation of Petitioner god-given right to "Stand before your accuser", and the due process clause of the National Constitution, the government knowingly and intentionally omitted from the face of its charging instrument the proper name (per FRCP Rule 10) of the real party of interest (per FRCP Rule 17), the United States Federal Corporation (104 Stat. 4933) depriving

the petitioner the capacity to sue (per FRCP Rule 17(b)), and his right to proper joinder the named injured entities for just adjudication (per FRCP Rule 19).

An alleged criminal offense against the nation at large (United States of America) Would be properly brought under "International Law", rather than within the jurisdiction of an U.S.D.C.

The Rule of International Law has always been applied by the court with regard to the separate sovereignty of any of the particular America Union States versus the Federal United States when acting as a government. When the District of Columbia (United States) acts as a collection agent or other "Commercial" entity being the moving party in administrative courts as action through its administrative agencies that have jurisdiction over government employees, or commercial business involving the corporate United States. (District of Columbia) they have jurisdiction "within" the "United States" (District of Columbia) being territories and possessions of the United States (District of Columbia).

The government's attorneys have advanced through their charging instrument the confused notion that the "United States of America" and the Federal "United States" somehow share the same definition in federal law. This misplaced notion is brought to light by consulting 104 stat. 4933, where it states in plain unambiguous language that the "United States" is defined as a federal corporation for "debt collection purposes". "From the moment of their association, the United States necessarily became a body corporate"; Respublica v. Sweers, 1 sup. Ct. Penn. 41, (April Term 1779).

In Solomon v. Farley, 82 F.Supp. 25 (1949), the court stated, "The Government of the United States is foreign as to the (Sovereign) states of the union within the rule of private international law, that the penal statutes of one Sovereignty will not be enforced by another." Robinson v. Norato, 256, 43 A2d 467 A.L.R. 362; State of Wisconsin v. Pelican Ins. Co., 127 U.S. 265, S.Ct. 1320, 32 L.Ed 239.

It is universally recognized that foreign jurisdiction will not enforce penal statutes of another state. Galveston HSS a.r.g. co. v. Wallace, 223 U.S. 481 32 S.Ct. 205, 56 L.Ed. 516; The Antalope. 10 Wheat. 23 U.S. 66, 6 L.Ed. 268.

The term "United States", is dined at 26 U.S.C. 3121(e)(1)(2), as the states of the "United States", only including "the District of Columbia, the commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa".

It is simple to understand that the Five (5) of the United States Corporation are not part of the fifty (50) States, United in American, as the corporate states of the corporation "United States" have not been admitted into the union of the fifty American states. The free and independant states of the union of the United States of America, are "separate sovereigns" from the corporate "United States". This is supported by Congressional Research Service, each confirming the meaning the "United States", its corporate status, and its restricted jurisdictional parameters.

Whereby, the attorney representing the artificial entity, "United States", Federal Corporation, must appear with the corporate charter and establish under the law that the corporate entity has the authority to bring the action at bar, within the jurisdiction of an U.S.D.C.

## CAVEAT

The Petitioner regards it as just and necessary to invoke formal notice, with no intent toward repugnance, of this court's oath of office (28 U.S.C. 453) to uphold and support the NATIONAL Constitution, and its obligation to give legal effect to judicially binding Supreme Court Authorities, Pursuant to FRE, Rule 201(c), which provides that a judicially noticed fact must be one not subject to reasonable dispute in that it is either, (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resorting to sources whose accuracy can not be questioned. At subsection (b) "A court shall take judicial notice if requested by a party and supplied with the necessary information". And further, at note to subdivision (f) "In accord with the usual view, judicial notice may be taken of any stage of the proceedings, whether in trial court or on appeal".

Pursuant to FRE, Rule 301, the burden moves to the shoulders of the government to bring forth "evidence" with which to sustain its case, or in the alternative , move pursuant to FRCP, Rule 48, for dismissal of the indictment for lack of federal jurisdiction, and compel the immediate release of the Petitioner.

The Petitioner has established by and through the government's own charging instrument that the government has fraudulently misrepresented one material fact after another in order to manufacture jurisdiction over a cause when it lacked the authority to prosecute.

Whereby, the court must be compelled to acknowledge that the instant cause is beyond the lawful authority of the court and the federal government and on its own motion, move to abate the indictment against the Petitioner for want of subject matter jurisdiction due to lack of Constitutional muster of citing provision contained in charging instrument.

The assume jurisdiction in this case would result in TREASON. Chief Justice John Marshall once Stated: we [judges] have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. Cohens v. Virginia, 6 Wheat (19 U.S.) 264, 404 (1821).

The judge of this court took an oath to uphold and support the NATIONAL Constitution, and his blatant disregard of that obligation and allegiance can only result in an act of treason. If this court departs from the clear meaning of the Constitution, it will be regarded as a blatant act of TYRANNY. Any exercise of power which is done without the support of law or beyond what the law allows is tyranny,

In has been said, with much truth, "Where the law ends, tyranny begins". Merrit v. Welsh, 104 U.S. 694, 702 (1881).

## CONCLUSION

Petitioner's factual allegations establish that the government's charging instruments are factually and facially defective, where the government lacked jurisdiction and lacked the authority to charge law provisions beyond their constitutionally restricted area. Pursuant to FRCP, Rule 301, the government must be judicially compelled to being forth "evidence" that it lawfully possessed jurisdiction, and further evidence that it possessed the lawful authority in law to charge as a basis of authority, the restricted provision of Title 18 U.S.C. 1959(a)(1) which has no implementing regulations to implement the statute, further, its burden most be restricted to the allegations raised herein.

Petitioner asserts here, respectfully requested of the Memorandum of Law, and Points of Authorities relied upon herein, and issues raised herein must be addressed, "on the merits". Sanders v. United States, 373 U.S. 1, 16-17 (1963) and addressed with "clarity and particularity"; McCleskely v. Zant, 111 S.Ct. 1454, 1470-71 (1991).

Petitioner invokes, in the nature of FRCP, Rule 201, Judicial Notice to be taken by this court of adjudicative facts and Supreme Court authorities which are judicially binding upon this court.

**DEMAND FOR RELIEF**

Wherefore, premises consider, the Petitioner maintains that your honorable court will find that the Petitioner has herein established, through undeniable and irrefutable facts supporting points and authorities that the Petitioner is unlawfully convicted and imprisoned and that your court in the interest of justice provide relief dismissing the indictment against the Petitioner and ordering me discharged from custody.

Respectfully Presented,

Kamil Hakeem Johnson
P.O. Box 1000
Levenworth, Kansas 66048

**DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the petitioner/movant in the above action, that he has read the above pleading and that the information contained therein is true and correct. 28 U.S.C. §1746. 18 U.S.C §1621.

Executed at U.S.P. Leavenworth, Kansas on March 25, 2005, 2005

(Signature)