UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 02-13(3)(JMR/ESS)
CIVIL NO. 05-848(JMR)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAMIL HAKEEM JOHNSON,<br><br>Defendant. | OPPOSITION OF THE UNITED STATES TO PETITIONER JOHNSON'S PETITION UNDER 28 U.S.C. § 2255 |

Petitioner Kamil Hakeem Johnson was convicted after a jury trial in 2002 of murder in aid of racketeering activity. His conviction and life sentence were affirmed on direct appeal. United States v. Crenshaw, 359 F.3d 977 (8th Cir. 2004). In his section 2255 petition, he alleges that 18 U.S.C. § 1959 is not a valid law and that the proper plaintiff in the case was not the United States of America but rather "the United States Federal Corporation." Because these claims are frivolous on their face, they should be summarily denied. No evidentiary hearing is warranted.

I. 18 U.S.C. § 1959 IS A VALID LAW

Johnson was convicted of violating 18 U.S.C. § 1959, murder in aid of racketeering activity. His challenge to the validity of that statute is not entirely clear. He seems to be arguing that the law is invalid because it was not published in the Federal Register. The Eighth Circuit has held, however, that "the Federal Register notice requirements do not apply to federal criminal

statutes." United States v. Schiefen, 139 F.3d 638, 639 (8th Cir. 1998). This Court has previously ruled to the same effect. United States v. Romig, 2003 WL 22143730 at *1 (D. Minn. 2003) (unpublished) (copy attached).

Johnson also seems to argue that 18 U.S.C. § 1959 is invalid because it allegedly has not been enacted into "positive law." If he is in fact making such an argument, it should be rejected as there is no requirement that a statute be enacted into positive law. E.g., Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985); Romig, 2003 WL 22143730 at * 1.

II. THE UNITED STATES OF AMERICA WAS THE PROPER PLAINTIFF

Johnson next contends he was unlawfully convicted because the proper plaintiff was not the United States of America but rather "the United States Federal Corporation." He seems to base this argument on the Federal Debt Collection Act, which is found at 104 Stat. 4933 (1990). Section 3002 of that Act defines "United States" as including "a Federal Corporation, an agency, department, commission, board, or other entity of the United States, or instrumentality of the United States." 104 Stat. 4935. The Federal Debt Collection Act and its definitions obviously have nothing to do with the prosecution of a criminal case. Johnson cites no case in which an indictment has been dismissed on the ground that the United States of America was not the proper plaintiff.

CONCLUSION

Because Johnson's claims are frivolous on their face, they should be summarily denied. No evidentiary hearing is warranted.

Respectfully submitted,

Dated: June 10, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/Jeffrey S. Paulsen
BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332