Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.
UNITED STATES OF AMERICA
v.
William Cecil ROMIG
No. 00CR355JMR/RLE, 03-CV-2640(JMR).

Aug. 18, 2003.

Mark Steven Wernick, Wernick Law Office, Mpls, MN, for William Cecil Romig.

William Cecil Romig, Federal Correctional Institution, Waseca, MN, pro se.

Jeffrey S. Paulsen, US Attorney, Mpls, MN, for U.S.

ORDER

ROSENBAUM, Chief J.

*1 Petitioner seeks relief under 28 U.S.C. § 2255 claiming: (1) exclusion from the class of persons covered by 21 U.S.C. § 841; (2) violation of due process; (3) that 21 U.S.C. § 841 has not been enacted into positive law; (4) unlawful conviction under the Controlled Substances Act of 1970; and (5) ineffective assistance of counsel.

I. *Factual Background*

On March 14, 2001, petitioner was charged in an 18-count Superseding Indictment. Petitioner pleaded guilty to conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § § 846 and 841(b)(1)(A), and was sentenced to 264 months. Petitioner did not appeal his conviction or his sentence.

II. *Discussion*

A. *Exclusion Claim*

Petitioner claims he is excluded from the class of persons to which 21 U.S.C. § 841 applies, and is therefore exempt from its penalties. Section 841 reads, in part:

Unlawful acts ...

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally ...

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....

This section applies to any person who deals in controlled substances without authorization. Only the lawful acts of registrants are exempt from prosecution. *See United States v. Fellman,* 549 F.2d 181, 182 (10th Cir.1977); *United States v. Moore,* 423 U.S. 122, 131, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975).

Petitioner is not a registrant defined by statute. [FN1] Because he is not a practicing physician or otherwise able to lawfully manufacture, distribute, or dispense controlled substances, he is therefore included in the class defined as "any person," and not exempt from the penalties of § 841. *See, Moore,* 423 U.S. 122 at 131, 96 S.Ct. 335, 46 L.Ed.2d 333; *United States v. Arias,* 252 F.3d 973 (8th Cir.2001); *United States v. Roark,* 924 F.2d 1426 (8th Cir.1991) (drug convictions under § 841 of non-registered person upheld). Accordingly, petitioner's exclusion claim fails.

FN1. A registrant is defined as "a person registered by the Attorney General to manufacture, distribute, or dispense controlled substances ... to the extent authorized by their registration."

B. *Violation of Due Process*

Next, petitioner argues violation of due process because 21 U.S.C. § 841 had not been published in the Code of Federal Regulations pursuant to the Administrative Procedures Act ("the Act"). 5 U.S.C. §§ 552 and 553. The Act, however, explicitly excludes Congress from complying with notice requirements. *See* 5 U.S.C. § 551. Federal criminal statutes passed by Congress are thereby exempt. ***United States v. Scheifen,* 139 F.3d 638, 639 (8th Cir**.1998). Accordingly, this claim fails.

C. *Positive Law Claim*

Petitioner next asserts that, because 21 U.S.C. § 841 had not been enacted into positive law, it is not a law of general applicability. He argues that one who does not comply with such a law is not guilty of a crime. To support this argument, petitioner cites *Hotch v. United States,* 212 F.2d 280 (9th Cir.1954), which involves the notice requirements of the Act, but does not mention positive law. [FN2] Here, Congress validly passed 21

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

U.S.C. § 841 into law; it was signed by the President and duly enacted. Accordingly, this claim fails.

FN2. Whether Congress has enacted a title into positive law is relevant only when the wording of the title is in dispute. That is not the case here. When a title is enacted into positive law, Congress gives its authority to the language as it appears in that particular title of the United States Code. *Washington-Dulles Transp., Ltd. v. Metro. Washington Airports Auth.*, 263 F.3d 371, 378 (4th Cir.2003). Failure to enact a statute into positive law is, at best, only of "evidentiary significance and does not render the underlying enactment invalid or unenforceable." *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir.1985). "The text of a code section in an enacted title can be taken as authoritative and need not be checked or verified with the corresponding section in the original Statutes at Large which must be done with respect to those titles which have not yet been enacted." *Id.* citing *Sutherland Statutory Construction* § 36A:10 at 132 (6th ed.2001). Notably, Congress has enacted less than half of the titles of the United States Code into positive law.

D. *Unlawful Conviction*

***2** Petitioner argues his conviction is unlawful because the Controlled Substance Act of 1970 ("CSA") does not commence with an enacting clause as required by 61 Stat. 634 as amended in 1 U.S.C. § 101. That statute requires that all acts of Congress begin with the words: "Be it enacted by the Senate and House of Representatives...." The CSA includes such a clause. Pub.L. 91- 513, 84 Stat. 1236. This claim, too, must fail.

E. *Ineffective Assistance of Counsel*

Lastly, petitioner claims ineffective assistance of counsel. The United States Supreme Court, in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-prong standard for evaluating an ineffective assistance of counsel claim. That test requires a petitioner to establish that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 688, 694. When considering challenges to an attorney's performance, the court applies a deferential standard of review presuming the attorney's representation was competent and the challenged actions constitute strategic and tactical decisions. *See id.* at 689.

A petitioner must show "counsel was not functioning as counsel guaranteed by the Constitution," and that his lawyer's acts or omissions were not "the result of reasonable professional judgment." *Id.* at 690. A petitioner must also show his attorney's performance rendered the trial proceedings fundamentally unfair or unreliable. *See El-Tabach v. Hopkins*, 997 F.2d 386, 389 (8th Cir.1993).

Here, petitioner has not demonstrated any deficiency of counsel. He simply argues his attorney erred in not raising the claims set forth in Counts I through IV of this petition and not preserving them for direct appeal. The Eighth Circuit Court of Appeals has held there is no ineffective assistance in an attorney's failure to file a motion that was unlikely to succeed. *See Allen v. Nix*, 55 F.3d 414, 417 (8th Cir.1995). Because these claims would have failed, petitioner cannot demonstrate prejudice. *See Strickland*, 466 U.S. at 691.

The Court notes that, although petitioner's counsel did not raise the baseless claims outlined in his brief, he did file a motion and memorandum to strike the enhanced sentencing provisions sought by the government. Further, he made objections and proposed amendments to the presentence investigation in this case and vigorously represented petitioner's interest before this Court. The ineffective assistance of counsel claim fails.

The Court has considered whether issuance of a Certificate of Appealability ("COA") is appropriate. *See Tiedman v. Benson*, 122 F.3d 518 (8th Cir.1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991) (per curiam)). Petitioner has not made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

***3** Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 303] is denied.

2. No Certificate of Appealibility will be issued in this case.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 22143730 (D.Minn.)

Motions, Pleadings and Filings (Back to top)

. 0:03CV02640 (Docket) (Apr. 02, 2003)

. 0:00CR00355 (Docket) (Dec. 12, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.