UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
02-CR-13(03) (JMR/ESS)
05-CV-848 (JMR)

United States of America )
)
v. ) ORDER
)
Kamil Hakeem Johnson )

Petitioner seeks relief under 28 U.S.C. § 2255. For the reasons set forth herein, petitioner's motion is denied.

I. Background

A jury convicted Kamil Johnson of murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959. He was sentenced to life in prison. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Crenshaw, 359 F.3d 977, 1005 (8th Cir. 2004). Mr. Johnson timely filed this petition.

II. Analysis

Petitioner's first challenge is to 18 U.S.C. § 1959, itself. He claims the statute was neither published in the Federal Register nor enacted into positive law. His challenge fails. It is well established that the Federal Register notice requirements do not apply to federal criminal statutes, United States v. Schiefen, 139 F.3d 638, 639 (8th Cir. 1998), nor does a statute's validity turn on whether it has been enacted into positive law. See Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985); United States v. Romig,

2003 WL 22143730 at *1 (D. Minn. 2003) (unpublished). His reliance upon Hotch v. United States, 212 F.2d 280 (9th Cir. 1954), provides no basis for relief under 28 U.S.C. § 2255. Congress validly passed 18 U.S.C. § 1959; it was signed by the President and duly enacted. This claim fails.

Petitioner next claims his conviction was unlawful because the Indictment names the United States of America, as opposed to the "United States Federal Corporation." No court has ever found this to be a basis on which a habeas petition may be premised, and this Court declines to be the first to do so. His argument appears to rest on language from the Federal Debt Collection Act, 104 Stat. 4933 (1990), which is wholly unrelated to his criminal prosecution for murder. This argument fails for being frivolous.

Petitioner's claims find no support in law. As such, his petition is denied without the need for any evidentiary hearing.

The Court has considered whether to issue a Certificate of Appealability ("COA"). See Tiedman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). For the reasons set forth in this Order, the Court concludes that no issue raised in this petition is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted). Petitioner has failed to make the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

III. Conclusion

Mr. Johnson's petition under 28 U.S.C. § 2255 [Docket No. 207] is denied. His motion for an extension of time [Docket No. 216] is denied as moot. No Certificate of Appealability will be issued in this case.

IT IS SO ORDERED.

Dated: July 29, 2005

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge