UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 02-CR-0013(3) (PJS/FLN) |
| | Case No. 16-CV-0763 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| KAMIL HAKEEM JOHNSON, | |
| Defendant. | |

Jeffrey S. Paulsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Kamil Hakeem Johnson, pro se.

Defendant Kamil Johnson was convicted by a jury of murdering a four-year-old girl in aid of racketeering and was originally sentenced to life in prison without the possibility of release. ECF Nos. 164, 165. The Court later vacated Johnson's sentence on the basis of *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held that mandatory life imprisonment without the possibility of release for a defendant who was a juvenile at the time of his offense violates the Eighth Amendment. ECF No. 274. The Court then sentenced Johnson to 42 years in prison. ECF No. 298. Johnson filed an appeal, ECF No. 300, which he later dismissed, ECF No. 309.

This matter is before the Court on Johnson's third motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied. Because the record conclusively demonstrates that Johnson is not

entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Johnson first claims that his due-process rights were violated because, at the time that he went to trial, *Miller* had not yet been decided and thus he was facing the possibility of a mandatory life sentence under 18 U.S.C. § 1959(a)(1). As a result, Johnson argues, he could not reasonably have entered into a plea agreement. Had he been able to negotiate a plea, he contends, he would have gotten the benefit of a reduction in his guidelines range for acceptance of responsibility.

As the government notes, this claim is a second-or-successive attack on Johnson's conviction on the basis of *Miller*. The Court cannot entertain such a claim without prior authorization from the Eighth Circuit. 28 U.S.C. § 2255(h). While the Eighth Circuit authorized Johnson's *second* § 2255 motion on the basis of *Miller*, *see Johnson v. United States*, 720 F.3d 720 (8th Cir. 2013) (per curiam), Johnson has already (successfully) litigated that motion to a conclusion. Johnson cannot now bring a *third* § 2255 motion without again obtaining authorization from the Eighth Circuit. The Court is therefore without jurisdiction to entertain this claim.

Johnson next claims that his counsel was ineffective for failing to object to his amended 42-year sentence as a de facto life sentence. The Eighth Circuit has recently held that a 50-year sentence did not violate *Miller*'s prohibition on mandatory life

sentences for juveniles, however. *See United States v. Jefferson*, 816 F.3d 1016, 1019 (8th Cir. 2016). Johnson's counsel was therefore not ineffective for failing to object. Moreover, the Court notes that the only way to "object" to a sentence once it has been imposed is to file a direct appeal, which Johnson's counsel did on his behalf. ECF No. 300.[1]

Johnson next claims that his counsel was ineffective because she entered into a stipulation in which she agreed that Johnson would only seek to vacate his sentence and would not seek to overturn his conviction.[2] This stipulation, he contends, deprived him of his ability to argue that he cannot legally be prosecuted under 18 U.S.C. § 1959(a)(1) because the only two sentences authorized by that statute—death or mandatory life in prison—cannot be imposed on a defendant who was a juvenile at the time of the offense.

Johnson's claim is without merit. At the time that Johnson filed his second § 2255 motion, a number of courts had held that *Miller* was *not* retroactively applicable to cases on collateral review. *See, e.g.*, *In re Morgan*, 713 F.3d 1365 (11th Cir. 2013). Indeed, both

---

[1] It is also worth noting that Johnson's 42-year sentence is simply not a de facto life sentence. As the government points out, Johnson is projected to be released from prison at age 60.

[2] Johnson erroneously characterizes this stipulation as an agreement that, in return for the government not opposing his second § 2255 motion, he would not challenge his amended sentence. ECF No. 313 at 11. His counsel did not make such a broad stipulation, however. *See* ECF No. 294 at 4.

this Court and the Eighth Circuit later held that *Miller* was not retroactive. *See Martin v. Symmes*, 782 F.3d 939 (8th Cir. 2015); *Thompson v. Roy*, No. 13-CV-1524 (PJS/JJK), 2014 WL 1234498 (D. Minn. Mar. 25, 2014). The Supreme Court eventually disagreed. *See Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). But at the time that Johnson's second § 2255 motion was pending, there was a substantial risk that he would be found ineligible for *any* relief under *Miller*. Given the uncertainty in the law at the time, as well as the significant potential benefit that Johnson stood to gain under *Miller*, Johnson's counsel struck an eminently reasonable bargain with the government: The government would not challenge the application of *Miller* to Johnson, and Johnson would not challenge his underlying conviction. *Cf. Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) (counsel was not ineffective for failing to predict future developments in the law); *see also Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

Finally, although he did not include the argument as a numbered ground in his § 2255 motion, Johnson appears to argue directly that his conviction must be vacated because the only two sentences authorized by 18 U.S.C. § 1959(a)(1) are death and mandatory life in prison—and, according to the Supreme Court, neither sentence can be imposed on him because he was a juvenile at the time of his offense. In other words,

Johnson argues that he cannot be punished *at all* for murdering a four-year-old girl in aid of racketeering. But Johnson could have made this argument in connection with his second § 2255 motion; in fact, he did make this argument pro se, but then withdrew it and chose to proceed with counsel (who, as Johnson knew, was unwilling to make the argument on his behalf). ECF No. 307 at 3-5. Johnson's current § 2255 motion is therefore a successive § 2255 motion as to that issue. Johnson has not obtained authorization from the Eighth Circuit for a successive § 2255 motion on that issue, and the Court therefore lacks jurisdiction over it. In addition, the Court continues to believe that Johnson's argument is frivolous for the reasons briefly explained at Johnson's sentencing hearing. *See* ECF No. 307 at 6-8. The Court will therefore deny Johnson's latest § 2255 motion.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion under 28 U.S.C. § 2255 [ECF No. 312] is DENIED.
2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July18, 2016

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge