UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 02-CR-0013(3) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| KAMIL HAKEEM JOHNSON, | |
| Defendant. | |

Defendant Kamil Johnson was convicted by a jury of murdering a four-year-old girl in aid of racketeering and was originally sentenced to life in prison without the possibility of release. ECF Nos. 164, 165. The Court later vacated Johnson's sentence on the basis of *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held that mandatory life imprisonment without the possibility of release for a defendant who was a juvenile at the time of his or her offense violates the Eighth Amendment. ECF No. 274. The Court then sentenced Johnson to 42 years in prison. ECF No. 298. Johnson filed an appeal, ECF No. 300, which he later dismissed, ECF No. 309.

This matter is before the Court on Johnson's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, Johnson's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a

reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline by its terms is limited to motions filed by the BOP. As a result, a number of circuits have held that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).

The Eighth Circuit has not resolved this issue, but the court has recently clarified that although district courts should not treat § 1B1.13 as binding, they may not ignore it altogether. *United States v. Marcussen*, No. 20-2507, 2021 WL 4597778, at *3 (8th Cir. Oct. 7, 2021). This holding accords with this Court's approach of affording deference to § 1B1.13's definition of "extraordinary and compelling." *See United States v. Logan*, No. 97-CR-0099(3) (PJS/RLE), 2021 WL 1221481, at *4 (D. Minn. Apr. 1, 2021). Accordingly, while the Court recognizes that it has the discretion to grant a sentence reduction even in circumstances that do not strictly comport with the terms of § 1B1.13, the Court continues to treat § 1B1.13 as a useful guide in determining whether and how to exercise its discretion.

Johnson's primary argument in favor of compassionate release is that his 42-year sentence was not the product of an individualized assessment of all relevant sentencing factors in 18 U.S.C. § 3553(a). Instead, he contends, his sentence was the result of a compromise between his counsel and the prosecutor. Johnson is mistaken. During his 2015 resentencing proceeding, the government advocated for reimposition of a life sentence, whereas Johnson's counsel advocated for a sentence "significantly less than life." ECF No. 281 at 1; ECF No. 291 at 2. In determining Johnson's new sentence, the Court fully considered each and every one of the § 3553(a) factors, including Johnson's history and characteristics and the nature and circumstances of his offense. ECF No. 307 at 29–35. Johnson's disagreement with the weight that the Court gave to these factors does not constitute an extraordinary or compelling circumstance for purposes of § 3582(c)(1)(A)(i). *Cf. Logan*, 2021 WL 1221481, at *5 (noting that the Court generally gives "little weight" to "the legal and factual circumstances that existed at the time that the sentence was imposed").

Johnson also points to the COVID-19 pandemic, contending that he is at heightened risk because he is obese, has a history of tuberculosis, and is Black. Johnson offers no evidence of his claimed medical conditions, however. Even if he had offered such evidence, the Court would not find these circumstances to be extraordinary and compelling. Johnson is fully vaccinated against COVID-19, ECF No. 342-1, as are

approximately 80 percent of the inmates at FCI Gilmer, where he is incarcerated.[1] Further, there are currently zero active COVID-19 cases among Gilmer inmates and only three among Gilmer staff.[2] In short, Johnson is at little risk of contracting or becoming seriously ill on account of COVID-19, and thus the mere existence of COVID-19 is not an extraordinary and compelling circumstance warranting a reduction in his sentence. *See Marcussen*, 2021 WL 4597778, at *2 ("Though certainly relevant, the threat of contracting COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence.").

Finally, Johnson argues that he has been rehabilitated, pointing to the numerous programs in which he has participated and claiming that he has been a model prisoner. Johnson has not been a model prisoner, as he has committed various disciplinary infractions while incarcerated. *See* ECF No. 342-2. Johnson takes issue with a recent infraction, claiming that his cellmate was actually at fault. Even accepting what Johnson says as true, Johnson's prison record—which includes participation in extensive programming and a number of (relatively) minor disciplinary infractions—is

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 20, 2021) (1,250 FCI Gilmer inmates have been fully vaccinated); Federal Bureau of Prisons, *FCI Gilmer*, https://www.bop.gov/locations/institutions/gil/ (last visited Oct. 20, 2021) (Gilmer houses 1,556 total inmates, with 1,519 at the FCI and 37 at the Camp).

[2] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp.

unremarkable and does not provide an extraordinary and compelling reason to reduce his sentence. *See Logan*, 2021 WL 1221481, at *7 ("this Court is reluctant to give substantial weight to evidence regarding the defendant's rehabilitation, unless there is something exceptional about that rehabilitation"); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

As there are no extraordinary and compelling circumstances that would warrant a reduction in Johnson's sentence, Johnson's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for compassionate release [ECF No. 337] is DENIED.

Dated: October 21, 2021    s/Patrick J. Schiltz
                           Patrick J. Schiltz
                           United States District Judge