UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

KAMIL HAKEEM JOHNSON,

Defendant.

Case No. 02-CR-0013(3) (PJS/FLN)

ORDER

---

Defendant Kamil Johnson was convicted by a jury of murdering a four-year-old girl in aid of racketeering and was originally sentenced to life in prison without the possibility of release. ECF Nos. 164, 165. The Court later vacated Johnson's sentence on the basis of *Miller v. Alabama*, 567 U.S. 460 (2012), which held that mandatory life imprisonment without the possibility of release for a defendant who was a juvenile at the time of his or her offense violates the Eighth Amendment. ECF No. 274. The Court then sentenced Johnson to 42 years in prison. ECF No. 298.

This matter is before the Court on Johnson's multiple pro se motions seeking relief under 18 U.S.C. § 3582. ECF Nos. 392–402. First, Johnson moves to reduce his sentence under § 3582(c)(2) in light of recent changes to the United States Sentencing Guidelines. ECF No. 392. Second, Johnson moves for compassionate release under § 3582(c)(1)(A)(i). ECF No. 398.

I.  Amendment 821

A court generally "may not modify a term of imprisonment once it has been imposed," but an exception exists for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In 2023, the Commission made a number of changes to the Guidelines, but the only changes that apply retroactively are found in Amendment 821.  USSG § 1B1.10(a)(2), (d).  The first retroactive change amends § 4A1.1 to limit the impact of "status points"—that is, criminal-history points added when the defendant committed his or her offense while under another criminal sentence.  § 1B1.10 cmt. 7.  The second retroactive change amends § 4C1.1 to create a two-level reduction in the total offense level for "zero-point offenders"—that is, defendants who have no criminal-history points and who meet certain other criteria.  § 1B1.10 cmt. 7.

Neither change has any impact on Johnson's sentencing range.  First, the amendment to § 4A1.1 reduces Johnson's criminal-history points from 15 to 14, but it does not affect his criminal-history category (which remains VI), and thus does not affect his sentencing range (which remains life).  *See* ECF No. 299.  Indeed, because Johnson's total offense level is 43,[1] his sentencing range would be life *regardless* of his

_____

[1]Insofar as Johnson seeks to reduce his sentence on other grounds, he goes

(continued...)

criminal-history category.  Second, the amendment to § 4C1.1 does not affect Johnson as he was not a zero-point offender.  To the contrary, he had a long and serious criminal record.  For these reasons, Johnson is not entitled to relief under 18 U.S.C. § 3582(c)(2).

## II.  Compassionate Release

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

This is Johnson's second motion for compassionate release, and he makes largely the same arguments that he made in his first motion.[2]  *See* ECF No. 338.  First, he claims

---

[1](...continued)
beyond the purposes of a § 3582(c)(2) motion.  *United States v. Savage-El*, 81 F. App'x 626, 627 (8th Cir. 2003) (a defendant "may not circumvent the statutory requirements for filing a successive section 2255 motion by invoking [§ 3582(c)(2)] to challenge his sentence"); *see also United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a sentence through a § 2255 motion . . . and a post judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion.").  Johnson has already filed three 28 U.S.C. § 2255 motions, ECF Nos. 207, 266, 312, and provides no evidence that a fourth § 2255 motion has been authorized by the Eighth Circuit.  28 U.S.C. § 2255(h).

[2]To the extent that Johnson argues that the guidelines range for manslaughter— rather than first-degree murder—should apply to him, the motion challenges his sentence and is therefore construed as a successive § 2255 motion requiring authorization by the Eighth Circuit.  *See Fine*, 982 F.3d at 1118.

-3-

to suffer from tuberculosis and obesity, which place him at higher risk of serious illness if he contracts COVID-19.  Johnson presents no evidence that he suffers from either of those conditions, though.  Even if he did present such evidence, Johnson is fully vaccinated against COVID-19, ECF No. 352 at 3, as are most of the inmates at FCI Gilmer, and there are currently only two active COVID-19 cases in the entire prison.[3] Thus, the Court does not find Johnson's risk of contracting COVID-19 to be an extraordinary and compelling reason to reduce his sentence.

Second, Johnson asserts that the Court was not able to consider his youth and traumatic upbringing at his 2015 re-sentencing and that, as a result, he received an unusually long sentence compared to youth offenders today.  That is simply not true. In determining Johnson's new sentence, the Court engaged in an individualized assessment that fully considered each of the § 3553(a) factors, including Johnson's history and characteristics (such as age and upbringing), as well as the nature and circumstances of his offense.  In fact, Johnson's youth was the primary reason why the Court did not give him the life sentence recommended by the Sentencing Guidelines, but instead sentenced him to 42 years in prison.  *See* Sentencing Transcript at 33, ECF

---

[3]Federal Bureau of Prisons, *Inmate COVID-19 Data,* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Apr. 22, 2024).

No. 307 ("I believe that some leniency in Mr. Johnson's case is justified mostly because he was a juvenile when he committed his crime, with all that that implies.").

Moreover, Johnson's argument that the *average* sentence for murder is only 22 years is not persuasive, as Johnson did not commit an *average* murder.  As the Court explained at his (re)sentencing in 2015:

> [T]he crime that Mr. Johnson committed was extraordinarily serious.  All murders are serious, of course, but some are worse than others.  The killing of Davisha was truly heinous.
>
> Mr. Johnson was not acting in the heat of the moment. For example, he did not kill someone in a fight or after a heated argument.  Instead, he was part of a gang who on orders of their leader [was] actively looking for a chance to shoot a member of a rival gang.
>
> Mr. Johnson didn't just aim his gun at someone and pull a trigger.  Instead, he and his fellow gang members sprayed bullets into a crowd that included women and children.  He easily could have killed multiple people—multiple children, in fact.  It is a bit of a miracle that he killed only one person.
>
> And Mr. Johnson did not shoot a gang rival or someone who had harmed him or threatened to harm him. He killed a four-year-old girl who was sitting next to her sister in the back seat of a car parked at a gas station. . . .
>
> Mr. Johnson . . . took a life—an entire life with all of its joys and pleasures —from a four-year-old girl.  It is hard to capture this kind of loss in words.

Sentencing Transcript at 29–31; *see also* U.S. Sentencing Comm., *Interactive Data Analyzer*, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited Apr. 18, 2024) (showing that, between 2016 and 2023, 12.5% of murder convicts who were 20 years old or younger received life sentences and 31.3% received 30 years or more).  There is no reason to believe that Johnson's 42-year sentence is unusually long when compared with the sentences of other young offenders *who commit similarly heinous murders*.

Third, Johnson argues that he is rehabilitated and that he is no longer a danger to the community.  As explained in the order denying Johnson's first motion for compassionate release, his claim that he has a spotless or near-spotless disciplinary record in prison is not true.  ECF No. 342-2.  But to Johnson's credit, he appears to have come a long way—not just since he committed his crime, but since he was (re)sentenced in 2015.  At the 2015 sentencing hearing—with the mother and sister of his victim sitting in tears just a few feet away from him—Johnson did not utter the words "I'm sorry" or express a single word of remorse for killing their daughter and sister.  Instead, he read aloud the following nonsensical statement:

> My name is Kamil Hakeem Johnson.  I am the secured party creditor, third party intervenor to this matter.  This is for and on the record.  I accept your offer.  I do not stipulate to the facts.  And I return your offer in exchange for valuable consideration.  I wish to use my exemption for adjustment, settlement, and closure of this account.  I am exempt from levy.  I want to use my exemption to discharge all debts.

-6-

Sentencing Transcript at 17.

Johnson now expresses remorse for his crime. The letters he filed indicate that he is a positive role model for other inmates. ECF No. 393-1 at 1, 3. He has apparently participated in a number of educational programs, earned his GED, and attempted to mentor troubled youth. All of these are positive steps for which Johnson deserves to be commended, but they do not provide "extraordinary and compelling reasons" warranting a sentence reduction. USSG § 1B1.13(d); 28 U.S.C. § 994(t). After all, "rehabilitation is supposed to be the rule, not the exception." *United States v. Logan*, 532 F. Supp. 3d 725, 739 (D. Minn. 2021).

Because Johnson has not provided an extraordinary and compelling reason to reduce his sentence, his motion for compassionate release is denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Defendant's motion for a sentence reduction [ECF No. 392] is DENIED.

2.    Defendant's motion for compassionate release [ECF No. 398] is DENIED.

3.    Defendant's motions for appointment of counsel [ECF Nos. 397, 399] and motions for appointment of an expert witness [ECF Nos. 396, 400] are DENIED as MOOT.

Dated: April 29, 2024           s/Patrick J. Schiltz
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court